JOHN F. CANTRILL *v.* JOSHUA TALBOTT.

**Frauds, Statute of—Sale of Land by Judgment of Court.**
> The sale of land by judgment of court is not within the provisions of the statute of Fraud and Perjuries and therefore need not be in writing.

**Same—Trust—Purchase for Another.**
> The agreement between Cantrill and Talbott and Mrs. Shropshire that they would purchase for her benefit is also binding on both and any attempt to convey the title to another would be a violation of the trust.

APPEAL FROM SCOTT CIRCUIT COURT.

June 11, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

As was decided by this court in *Watson's admr. vs. Violett, 2 Duvall, 333,* the sale of land by judgment of court is not within the provisions of the statute of fraud and perjuries, and therefore, need not be evidenced by writing, consequently it has always been held competent to prove that the preferred bidder purchased for some one else, and such trust has always been upheld.

The purchase by Cantrill on the joint account of himself and Talbott of Shropshire's land at decretal sale can, therefore, not only be proved but upheld by either, and the payment of Talbott of the Polk notes for about $1500 to Cantrill on his part of this purchase, was valid and binding, and precluded him from recovering it back.

The agreement between Cantrill and Talbott and Mrs. Shropshire that they would purchase for her benefit is also binding on both, and therefore there was no necessity that Cantrill should tender to Talbott a paper evidence of his interest Cantrill himself held not even a certificate of purchase, and until the court shall convey the title to him he has nothing to convey to Talbott, and as he asserts the title by agreement of himself and Talbott, and Mrs. Shropshire, was to be made to her, had he attempted to con-

vey or give a written assurance to Talbott that he was to have any portion of the land, it would have been in violation of the agreement with her and a violation of the trust of both Cantrill and Talbott to her.

Cantrill therefore, had presented a legal defense to this action, hence his sickness and absence and the absence of his counsel and witnesses when the trial was had, presented a good cause for setting aside the judgment and granting him a new trial, and the refusal to do so, on his motion, was erroneous.

*Huston & Mulligan,* for appellant.

*Prewitt, Darnaby,* for appellee.